MARIA FOX vs. THOMAS HOPKINSON.

On the day of a decision against him in a district court the defendant died. Upon the probate of his will, and within six months of the death, the administratrix with the will annexed was cited by said court to come in and defend the suit. The court, overruling her objections, subsequently rendered judgment against her as administratrix.

*Held*, that the suit abated by the death of the defendant between the date of the decision and the entry of judgment, and before the expiration of the time within which a jury trial must be claimed.

*Held*, further, that as the defendant had died there was no one against whom a judgment could be entered, and that the administratrix could not be summoned in as the time within which she could have claimed a jury trial had passed.

ASSUMPSIT. Heard on exception to the rulings of a district court.

*February* 11, 1897. PER CURIAM. We are of the opinion that the suit must be held to have abated by the death of the defendant between the date of the decision and the date of the entry of judgment, and before the expiration of the time within which a jury trial must be claimed. When the date of the entry of judgment arrived, the defendant being dead, there was no one against whom judgment could be rendered; and if the suit had been continued to await the appointment of an administrator, such administrator upon being summoned in could not have claimed a jury trial, because the time for claiming such trial would have elapsed. We think the true view to be taken is that the suit abated by the defendant's death, as stated, and that the claim must be presented to the administrator.

Exception sustained, and case remitted to the District Court of the Eighth Judicial District.

*William F. Barry*, for plaintiff.

*Job S. Carpenter*, for defendant.